UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC WATSON and SARAH WATSON,

    Plaintiffs,

v.

ROY PECK and MICHAEL BOATMAN,

    Defendants.

CASE NO. 3:24-CV-6007-BHS

REPORT AND RECOMMENDATION

Noting Date: January 23, 2025

    The District Court has referred Plaintiffs Eric Watson's and Sarah Watson's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 12-24. On December 10, 2024, Plaintiffs initiated this action and, on December 26, 2024, Plaintiffs filed completed applications to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 5, 6.

    The Court has reviewed Plaintiffs' proposed complaint and finds venue is not proper in the Western District of Washington. Therefore, the Court recommends this case be transferred to the District of Arizona.

REPORT AND RECOMMENDATION - 1

## I. Background

In the proposed complaint, Plaintiffs challenge actions related to an Arizona state court matter and a contract dispute arising from a property dispute in Arizona. Dkt. 5-1. Plaintiffs cite to violations of Arizona state law and they name Roy Peck and Michael Boatman as the defendants, both who reside in Arizona. *Id*. IFP status has not been decided, the Court has not ordered the Clerk's Office to attempt service of process, and no defendant has appeared in this action.

## II. Discussion

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, it is clear from Plaintiffs' proposed complaint their claims arise out of actions occurring in Bullhead City, Arizona and in an unidentified Arizona state court. Dkt. 5-1. All defendants reside in Bullhead City, Arizona. *Id*. As Arizona constitutes one judicial district, Bullhead City is located in the District of Arizona. *See* 28 U.S.C. § 82. Plaintiffs have not named any defendants who are located in the Western District of Washington. Therefore, the Court concludes venue in the Western District of Washington is improper.

Because venue is improper, the Court has the discretion to dismiss or transfer the case. *See* 28 U.S.C. § 1406(a). Plaintiffs are *pro se* filers. *See* Dkts. 5, 6. The proposed complaint appears to contain several potential deficiencies. *See* Dkt. 5-1. For example, claims in the proposed complaint may be time-barred. However, the Court finds dismissing the case and directing Plaintiffs to refile in the District of Arizona would cause unnecessary delay. Therefore, the Court finds transferring, rather than dismissing, this case is appropriate.

### III. Conclusion

The Court finds venue is improper. In the interest of justice, this case should be transferred to the proper venue, not dismissed. Accordingly, the Court recommends this case be transferred to the District of Arizona. The Court recommends deferring the decision to grant IFP status and the screening of the proposed complaint to the District of Arizona.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 23, 2025**.

Dated this 8th day of January, 2025.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3